IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 702 E. 20th STREET, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4114 |
| | : | |
| WILMINGTON SAVINGS FUND | : | |
| SOCIETY, FSB, *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                 **AUGUST 28, 2020**

The Court has received a civil action complaint in the name of 702 E. 20th Street, LLC. The Complaint appears to be signed by "Woody Kingman," who lists his address as 702 E. 20th Street, Chester, Pennsylvania. The Complaint purports to assert claims for violation of the Equal Credit Opportunity Act and other federal consumer protection statutes. No fee has been received for filing the pleading. Because an artificial entity such as a limited liability corporation may not proceed in a federal court without the representation of counsel, and must pay the required filing fee, the Complaint is dismissed without prejudice.

**I.      FACTUAL ALLEGATIONS**

The factual allegations are written in the first person and apparently relate to Mr. Kingman. He asserts "[m]y property is being subjected to numerous legal attacks, which are based on me being a person of color and religious, and unable to afford professional counsel to assist me in my defense." (ECF No. 1 at 3.) He appears to allege that documents concerning his property contain forged signatures and Defendants Wilmington Savings Fund Society, FSB, Beneficial Bank, and Conestoga Bank are attempting to steal his property. (*Id.*)  The Complaint seeks damages of $100 million. (*Id.* at 4.)

**II.     DISCUSSION**

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

  Because the only named Plaintiff in this case is an artificial entity, it must be represented by licensed legal counsel if it seeks to bring an action in federal court. Mr. Kingman may not represent 702 E. 20th Street, LLC since he does not appear to be an attorney. Accordingly, the case will be dismissed without prejudice. 702 E. 20th Street, LLC may either reinstate this case through legal counsel or, if the claims presented actually belong to Kingman, Mr. Kingman may bring an action in his own name. If he brings an action in his own name, Mr. Kingman must pay $400 ($350 filing fee plus $50 administrative fee), or seek leave of the Court to be excused from paying the fee if he is unable to afford to do so by filing an application to proceed *in forma pauperis*.

  An appropriate Order follows.

             **BY THE COURT:**

             **/s/ Gerald Austin McHugh**
             _____
             **GERALD A. McHUGH, J.**